UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ESMARIN SANTIAGO, )<br>a/k/a "SMARTY," )<br>          Defendant. ) | Criminal No. 17-10259-IT |

## PRELIMINARY ORDER OF FORFEITURE

TALWANI, D.J.

WHEREAS, on August 23, 2017, a federal grand jury sitting in the District of Massachusetts returned a three-count Indictment, charging Esmarin Santiago, a/k/a "Smarty," (the "Defendant") with being a Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count One); Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B) (Count Two); and Possession and Use of Firearms During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three);

WHEREAS, the Indictment also included a Firearm Forfeiture Allegation, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture of any firearm or ammunition involved in or used in any knowing omission of such offenses. The property to be forfeited included, but was not limited to, the following:

    (a)    one Smith & Wesson 9 mm pistol, model SD9VE, bearing serial number FYH8271;

    (b)    one Smith & Wesson .40 caliber pistol, model SW40VE, bearing serial number DVN6027;

    (c)    ten rounds of 9 mm ammunition; and

(d) fourteen rounds of .40 caliber ammunition

(collectively, the "Guns and Ammunition");

WHEREAS, on November 14, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Indictment, pursuant to a written plea agreement that he signed on that date;

WHEREAS, in Section 7 of the plea agreement, the Defendant admitted that the Guns and Ammunition are subject to forfeiture on the grounds that they were used to facilitate Defendant's offense, and were involved in the Defendant's offenses charged in Counts One and Three of the Indictment;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Guns and Ammunition and the offenses to which the Defendant pled guilty, and accordingly, the Guns and Ammunition are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Guns and Ammunition.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Guns and Ammunition and the offenses to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.      Accordingly, all of the Defendant's interests in the Guns and Ammunition are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Guns and Ammunition and maintain them in its secure custody and control.

5.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Guns and Ammunition.

6.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Guns and Ammunition to be forfeited.

7.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Guns and Ammunition, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Guns and Ammunition; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Guns and Ammunition, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Guns and Ammunition, any additional facts supporting the petitioner's

claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Guns and Ammunition.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
INDIRA TALWANI
United States District Judge

Dated: 12/3/2018